GRAND CENTRAL DRUG CO et v F. J.

O'NEILL MEDICINE CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10193. Decided October 28, 1929

Mr. L. E. Appleton, Esq., Cleveland, for Central Drug Co.

Mr. S. C. Quigley, Esq., Cleveland, for O'Neill Medicine Co.

**VICKERY, PJ.**

An examination of this contract will show that there was a contract of purchase which was complete in itself for which the acceptance was given and there was no condition attached to that contract, but at the same time, and perhaps as an inducing cause for the contract, another and subsidiary contract was entered into, to-wit, the advertising contract.

Now the theory of the pleader of the answer in the court below apparently was that because this collateral contract was not complied with this would prevent a recovery by the plaintiff below for anything. That does not follow. Under the Sales law the receipt of these goods and the retention of them made a complete contract, and the acceptance having been given it was due and payable and the answer admits that the purchase was made.

We do not want to be understood as saying that the defendant below, the plaintiff in error here, would have had no redress, because if that part of the contract which related to the advertisement or the subsidiary contract was the inducing cause which occasioned the purchase of these goods, and that contract was not complied with, had the pleader set it up as it might have been set up, a counterclaim could have been predicated upon it which might have wiped out the entire claim of the plaintiff yea, and perhaps more than the plaintiff's claim. But the pleader did not see fit to predicate his defense upon that kind of a lawsuit. He says that there was nothing due because the plaintiff company did not advertise, but a reading of the contract will show that this is not a proper interpretation of the contract. There was a complete sale and delivery of the goods and the price was agreed upon and the goods were kept, and if there was any reason why they should not have been paid for, it would be because of a counterclaim that the defendant had against plaintiff below to recover damages by reason of the non-compliance with the subsidiary contract. This not having been pleaded and there not being any evidence to show any damage, the judgment of the court below was right and must be affirmed.

Sullivan and Levine, JJ, concur.